MCLAUGHLIN & NARDI, LLC
Maurice W. McLaughlin, Esq.
(New Jersey Federal Bar No.: 2305)
Attorneys for Plaintiff,
 Thomas J. Perno
37 Vreeland Avenue
Totowa, New Jersey 07424
(973) 890-0004

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THOMAS J. PERNO | : | DOCKET NO: |
| Plaintiff, | : | |
| v. | : | **COMPLAINT AND JURY DEMAND** |
| BOROUGH OF POINT PLEASANT BEACH, ROBERT J. KOWALEWSKI, POLICE OFFICERS 1-10, JOHN DOES 1-20, JENKINSON'S PAVILLION, INC. d/b/a JENKINSON'S PAVILLION and ABC CORPORATIONS 1-10, | : | |
| Defendants. | : | |

Plaintiff, Thomas J. Perno, by and through his attorneys, McLaughlin & Nardi, LLC, complains of defendants as follows.

## THE PARTIES

1. Plaintiff, Thomas J. Perno, is an individual residing at 6-13th Avenue, Borough of Elmwood Park, County of Bergen, State of New Jersey.

2. The Borough of Point Pleasant Beach (the "Borough" and/or "PPB") is a body politic with offices at 416 New Jersey Avenue, Borough of Point Pleasant Beach, County of Ocean, State of New Jersey.

3. Jenkinson's Pavilion, Inc. d/b/a Jenkinson's Pavilion ("Jenkinson's") is a New Jersey corporation, licensed to and doing business at 300 Boardwalk, Borough of Point Pleasant Beach, County of Ocean, State of New Jersey.

4. Defendant, Robert Kowalewski is a police officer for and an employee of defendant, The Borough doing business and maintaining offices at 416 New Jersey Avenue, Point Pleasant Beach, New Jersey.

5. Defendants, John Does 1-20, being fictitious names, are employees, agents, contractors and/or patrons of Jenkinsons and/or any other involved business entities, names being fictitious for persons whose identities are at this time unknown.

6. Defendants, Police Officers 1-10, being fictitious names, are police officers of unknown rank and identity of the Borough.

7. Defendants, ABC Corporations 1-10 being fictitious names for business entities owning and/or operating at Jenkinsons and/or concessions thereat and/or securities, thereat, whose identities are yet unknown.

## **VENUE**

8. Jurisdiction rests with the United States District Court under Federal Questions Jurisdiction, 28 U.S.C.S. §1331 and 28 U.S.C.S. §1343. As a Civil Rights Action under §1343, no jurisdictional limit is applicable.

9. Venue is applicable in the District Court of New Jersey as all parties are residents of the State of New Jersey pursuant to 28 U.S.C.S. §1391.

10. Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to claim 28 U.S.C.S. §1367 as they are inextricably related to and derived from a common nucleus of operative fact with his federal claims.

**FACTS RELEVANT TO ALL COUNTS**

11. Plaintiff is a public figure, having been the star of an MTV special, and having and maintaining public notoriety and a following in connection with that special. The special dealt with summer visitors to the New Jersey Shore from Northern New Jersey, of which Mr. Perno is one. As such, Mr. Perno is well known throughout the Shore community as well as the State of New Jersey.

12. On or about the evening of July 22, 2006 – July 23, 2006, plaintiff was a patron at Jenkinsons.

13. During the course of the evening, plaintiff and the friends whom he had come with maintained a low profile and drew no attention to themselves. However, plaintiff was recognized and accosted because of his appearance and speech in the special.

14. During the course of the evening, plaintiff was assaulted and injured by John Does 1-20, in the course of their employment as "bouncers" and/or other positions with their employer, Jenkinsons, and ABC Corporations 1-10 and other related business entities.

15. The police were in the vicinity, including defendant, Kowalewski, and arrived at the scene and further assaulted Perno.

16. Plaintiff was at the time being cooperative offering no resistance and, in fact, caused no problems whatsoever during the course of the night.

17. Rather, Jenkinson's employees, Officer Kowalewski and defendants John Does 1-20 and police officers 1-10 assaulted plaintiff to "put him in his place" because of his fame and status as a public figure through the MTV special and his following.

18. As a direct and proximate result thereof, plaintiff suffered injuries, pain and humiliation.

**FIRST COUNT**
**(Violation of 1983:Violation of Plaintiff's First Amendment Against Defendants The Borough of Point Pleasant Beach, Robert J. Kowalewski and Police Officers 1-10)**

19. All of the allegations of paragraphs 1-18 are incorporated herein as though repeated verbatim and at length.

20. Defendants, The Borough, Kowalewski and Police Officers 1-10 acting under color and authority of state law did assault, arrest and otherwise retaliate against plaintiff because of his assertion of his free speech rights in the MTV special and subsequent internet and personal appearances.

21. These defendants therefore violated 42 U.S.C.S. §1983 ("1983") by acting under the state law to deprive the plaintiff of his rights secured by the First Amendment of the United States Constitution.

22. These acts described herein in and of itself is enough of a premise for <u>Monnel</u> liability.

23. In addition, these acts are part of a pattern, practice, or custom, or are the result of raining or discipline or negligent hiring or retention is the Borough and its police department, thus giving rise to Monnel liability.

24. The Point Pleasant defendants therefore violated the Civil Rights Act of 1871, specifically 42 U.S.C. §1983.

25. As a direct and proximate result thereof, plaintiff has and continues to suffer damages.

## SECOND COUNT
**(Violation of §1983: Excessive Force in Violation of Fourth and Eighth Amendments Against Defendants The Borough of Point Pleasant Beach, Robert J. Kowalewski and Police Officers 1-10)**

26. All of the allegations of paragraphs 1 through 25 are incorporated herein as though recited verbatim and at length.

27. Defendants, the Borough, Kowalewski and Police Officers 1-10 acting under color and authority of state law exercised excessive force and assaulted plaintiff thereby violating plaintiff's rights secured under the Fourth and Eighth Amendments of the United States Constitution.

28.     Defendants, the Borough, Kowalewski and Police Officers 1-10 under color and authority of state law did violently and without any lawful basis seize plaintiff's person.

29.     In seizing plaintiff, public entity defendants did punch, hit, and otherwise physically abuse plaintiff who was innocent of any wrong doing.

30.     The public entity defendants' acts were outrageous, shock the conscious and/or evince deliberate indifference to the rights of Plaintiff.

31.     The Acts of the Point Pleasant Police are particularly reprehensible as plaintiff did not resist the unlawful police action.

32.     These acts described herein in and of itself is enough of a premise for <u>Monnel</u> liability.

33.     In addition, these acts are part of a pattern, practice, or custom, or are the result of raining or discipline or negligent hiring or retention is the Borough and its police department, thus giving rise to Monnel liability.

34.     In addition to the physical pain and suffering from this beating, plaintiff also experienced shame, embarrassment and humiliation at being abused and made a public spectacle.

### THIRD COUNT
**(Violation of § 1983: Due Process Violation Against Defendants Point Pleasant Beach Force Robert J. Kowalewski and Police Officers 1-10)**

35.     All of the allegations of paragraphs 1 through 34 are incorporated herein as though recited verbatim and at length.

36.     Defendants, The Borough, Robert J. Kowalewski and Police Officers 1-10 also seized and arrested plaintiff without due process or any basis in law or fact, thereby violating his substantive and procedural due process rights secured under the United States Constitution.

37.     Point Pleasant deprived Plaintiff of liberty without due process of law.

38.     These acts described herein in and of itself is enough of a premise for <u>Monnel</u> liability.

39. In addition, these acts are part of a pattern, practice, or custom, or are the result of training or discipline or negligent hiring or retention is the Borough and its police department, thus giving rise to Monnel liability.

40. As a direct and proximate result thereof, plaintiff has been damaged.

## FOURTH COUNT
**(Violation of New Jersey Civil Right's Act and State Constitution Against All Defendants)**

41. All of the allegations of paragraphs 1 through 40 are incorporated herein as though recited verbatim and at length.

42. As set forth above, Defendants, the Borough, Kowalewski and Police Officers 1-10 have violated plaintiff's free speech, due process, liberty, and excessive force and rights guaranteed under the Constitution of the State of New Jersey as set forth above, and the parties acted under the color of law and authority.

43. These acts described herein in and of itself is enough of a premise for Monnel liability.

44. In addition, these acts are part of a pattern, practice, or custom, or are the result of raining or discipline or negligent hiring or retention is the Borough and its police department, thus giving rise to Monnel liability.

45. As set forth below, Defendant Jenkinsons, ABC Corporations 1-10 and John Does 1-20 assisted, acted and participated in and committed these violations.

46. Moreover the defendants, and each of them, interfered with plaintiff's exercise and enjoyment of these rights, privileges and immunities by force, threats, intimidation and coercion.

47. These defendants have thereby violated New Jersey Civil Right's Act, N.J.S.A. 10:6-1 et seq. and the Constitutions of the State of New Jersey and the United States.

48. As a direct and proximate result, plaintiff has been damaged.

## FIFTH COUNT
**(Violation of §1983: Violation of Liberty/False Imprisonment Against Defendants, Defendants The Borough of Point Pleasant Beach, Robert J. Kowalewski and Police Officers 1-10)**

49. All of the allegations of paragraphs 1 through 48 are incorporated herein as though recited verbatim and at length.

50. Defendants, The Borough of Point Pleasant Beach, Robert J. Kowalewski and Police Officers 1-10), took custody of Plaintiff against his will without legal basis.

51. Defendants' acts constitute a violation of Plaintiff's liberty interest guaranteed by the Constitution of the United States, and therefore §1983.

52. Defendants' acts also constitute false imprisonment under the common law.

53. As a direct and proximate result, plaintiff has been damaged.

## SIXTH COUNT
**(Dram Shop Liability Against Defendants Jenkinsons and ABC Corporations 1-10)**

54. All of the allegations of paragraphs 1 through 53 are incorporated herein as though recited verbatim and at length.

55. Defendant Jenkinson's and ABC Corporations 1-10 are tavern owners and servers of alcoholic beverages.

56. Defendant Jenkinson's and ABC Corporations 1-10 through it agents, servants, and/or employees negligently and/or wantonly permitted service of alcoholic beverages to persons on the premises including intoxicated persons, patrons and employees.

57. Jenkinsons and ABC Corporations. 1-10 regularly hired and/or trained persons who sell and/or serve patrons and the employees and/or protect its business otherwise, and those persons, negligently failed to protect plaintiff from the injurious actions of other persons, including employees and patrons on the premises who directly and proximately caused plaintiff's injuries.

58. Defendants' acts and/or omissions directly, proximately and foreseeably contributed to the assault and injuries sustained by plaintiff on the night of July 22, 2006 – July 23, 2006.

59. Assault by such persons on patrons such as plaintiff was a reasonably foreseeable consequence of defendants' acts and/ or omissions.

60. As a direct and proximate result thereof, plaintiff suffered severe physical and emotional injuries.

## SEVENTH COUNT
**(False Imprisonment-False Arrest Against Defendants Jenkinsons and John Does 1-20)**

61. All of the allegations of paragraphs 1 through 60 are incorporated herein as though recited verbatim and at length.

62. Defendant Jenkinson's, AGBC Corporations 1-10 and John Does 1-20 detained, restrained, confined within false boundaries, and held plaintiff against his will, without proper legal authority or justification.

63. Defendants thereby falsely imprisoned and arrested Plaintiff.

64. As a direct and proximate result thereof, plaintiff has been damaged.

## EIGTH COUNT
**(Slander/Defamation Against Defendants Jenkinson's and John Does 1-20)**

65. All of the allegations of paragraphs 1 through 64 are incorporated herein as though recited verbatim and at length.

66. The defendants and each of them published false and derogatory statements of fact regarding plaintiff, namely words and acts to the effect that he was a violent animal.

67. Defendants communicated and published these false and defamatory messages to persons

in the crowd and other persons about plaintiff.

68. Such statements were made with intentionally, recklessly and/or with actual malice.

69. As a direct and proximate result thereof, plaintiff has been and continues to suffer damage and harm to his reputation.

## NINTH COUNT
### (Civil Right's Conspiracy Against All Defendants)

70. All of the allegations of paragraphs 1 through 69 are incorporated herein as though recited verbatim and at length.

71. As set forth above, the defendants and each of them have engaged in a conspiracy among the above-named individuals to deprive plaintiff of his rights under the United States Constitution, set forth above.

72. As a direct and proximate result thereof, plaintiff has been damaged.

73. Defendants have therefore violated 42 U.S.C.S. §1985 and are liable for such violation.

## TENTH COUNT
### (Intentional Infliction of Emotional Distress)

74. All of the allegations of paragraphs 1 through 73 are incorporated herein as though recited verbatim and at length.

75. The extreme outrageous acts of Jenkinson's, ABC Corporations 1-10 and John Does 1-20 intentionally and/or recklessly directed extreme and outrageous acts and omissions toward Plaintiff in a manner certain and intended to cause severe and lasting emotional distress to the reasonable person.

76. In fact, Plaintiff has suffered severe emotional distress from the incident.

77. Defendants are therefore liable to plaintiff intentional infliction of emotional distress.

## ELEVENTH COUNT
### (Negligent Infliction of Emotional Distress Against Defendants Jenkinsons, John Does 1-20, and ABC Corporations 1-10)

78. All of the allegations of paragraphs 1 through 77 are incorporated herein as though recited verbatim and at length.

79. The negligence of Defendants Jenkinson's, John Does 1-20, and ABC Corporations 1-10, as set forth above, caused plaintiff fright from a reasonable fear of immediate personal injury.

80. There was resulting immediate and physical injury to plaintiff.

81. As a direct and proximate result thereof, Defendant has thereby suffered severe and extreme emotional distress.

### TWELFETH COUNT
**(Assault and Battery Against Defendants Jenkinsons, John Does 1-20, and ABC Corporations 1-10)**

82. All of the allegations of paragraphs 1 through 81 are incorporated herein as though recited verbatim and at length.

83. Defendants Jenkinsons, John Does 1-20, and ABC Corporations 1-10 did intentionally commit an unwanted offensive physical touching of Plaintiff and/or did put Plaintiff reasonably in apprehension of such unwanted offensive physical touching.

84. As a direct and proximate result thereof, plaintiff has been and continues to suffer damages, including physical and emotional injury and distress.

### THIRTEENTH COUNT
(*Respondeat Superior* **Against Defendants Jenkinsons, the Borough and ABC Corporations 1-20**)

85. All of the allegations of paragraphs 1 through 84 are incorporated herein as though recited verbatim and at length.

86. At all times relevant hereto, the individual defendants named above and others similarly situated were employees, agents and/or officers of Defendants Jenkinson's, The Borough and ABC Corporations 1-10.

87. At all times relevant hereto their actions as complained of herein were within the scope of their employment and/or agency with Defendants Jenkinson's, the Borough and ABC Corporations 1-10.

88. For these reasons, under the doctrine of *respondeat superior,* Defendants Jenkinson's, The Borough and ABC Corporations 1-20 are vicariously liable for the actions of the individuals defendants and other similarly situated employees, officers and/or agents for all causes of action complained of herein.

## FOURTEENTH COUNT
### (Punitive Damages Against All Defendants)

89. All of the allegations of paragraphs 1 through 88 are incorporated herein as though recited verbatim and at length.

90. The acts of defendants were malicious, intentional, willful, wanton and/or grossly negligent and in disregard of the injuries that would surely follow from their conduct.

91. Defendants were thus motivated by "actual malice."

92. For these reasons, and under the statutory and common law causes of action plead above, plaintiff is entitled to an award of punitive damages.

## FIFTEENTH COUNT
### (Attorneys Fees)

93. All of the allegations of paragraphs 1 through 92 are incorporated herein as though recited verbatim and at length.

94. Defendants having violated Plaintiff's civil rights, are liable to plaintiff for attorneys fees under 42 U.S.C. §1988 and the New Jersey Civil Right's Act N.J.S.A. 10:6-1 et. seq.

WHEREFORE, Plaintiff, Thomas J. Perno, demands judgment against Defendants, the Borough of Point Pleasant Beach, Robert J. Kowaleski, John Does 1-20, Police officers 1-10, Jenkinson's Pavilion, Inc. d/b/a Jenkinsons and ABC Corporations 1 – 10 for compensatory damages, punitive

damages, consequential damages, statutory damages, costs of suit incurred, reasonable attorneys' fees, and such other relief as the Court may deem just and equitable in the circumstances.

### **JURY DEMAND**

Plaintiff demands trial by jury.

                                                  McLAUGHLIN and NARDI, LLC
                                                  Attorneys for Plaintiff

                                                  By:_____/s/_____
                                                      Maurice W. McLaughlin
                                                       New Jersey Federal Bar No. 2305
                                                     For the Firm

Dated: May 29, 2007